UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RAFAEL MARTINEZ-ALEQUIN,
DAVID WALLIS,
RALPH E. SMITH,

                             Plaintiffs,

            -against-

THE CITY OF NEW YORK; MICHAEL R.
BLOOMBERG, Mayor of the City of New York;
RAYMOND KELLY, Police Commissioner, New
York City Police Department; MICHAEL
COLLINS, Assistant Chief Public Information
Division of the New York City Police Department,

                           Defendants.

------------------------------------------------------------------------x

**ANSWER**

08 Civ. 9701 (LTS)(RLE)

(ECF Case)

        Defendants the City of New York, Michael R. Bloomberg, Mayor of the City of

New York, Raymond Kelly, Police Commissioner of the New York City Police Department and

Michael Collins, Assistant Chief Public Information Division of the New York City Police

Department, as and for their answer to the complaint, allege upon information and belief, as

follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiffs purport to proceed as alleged therein.

        2.      Deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the complaint, except admit that the named

individuals are the plaintiffs herein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint.

4.      Deny the allegations set forth in the first sentence of paragraph "4" of the complaint, except admit that in the past the New York City Police Department ("NYPD") duly issued press credentials to the plaintiffs, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of said paragraph regarding plaintiff Smith, except admit that press credentials were not issued to plaintiffs in 2007, and deny the allegations set forth in the third sentence of said paragraph.

5.      Deny the allegations set forth in paragraph "5" of the complaint and affirmatively state that the NYPD issued a press identification card to each plaintiff on January 9, 2009.

6.      Deny the allegations set forth in paragraph "6" of the complaint.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiffs purport to proceed as alleged therein.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to proceed as alleged therein.

9.      Deny the allegations set forth in paragraph "9" of the complaint, except admit that venue is proper.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.     Admit the allegations set forth in the first sentence of paragraph "13" of the complaint, deny so much of the allegations set forth in the second sentence of said paragraph as is inconsistent with the relevant sections of the New York City Charter ("City Charter") and refer the Court to the City Charter for a true and complete statement of its content and effect, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in third sentence of said paragraph insofar as these allegations are not comprehensible.

14.     Admit the allegations set forth in paragraph "14" of the complaint.

15.     Admit the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiffs have sued Michael Collins in his official and individual capacity, and aver that he was the Commanding Officer of the Public Information Division of the NYPD and that he is now retired from the NYPD.

17.     Deny the allegations set forth in paragraph "17" of the complaint, except admit that the defendants were acting under color of state law and in the scope of their duties.

18.     Deny so much of the allegations set forth in paragraph "18" of the complaint as is inconsistent with the referenced rules and refer the Court to the rules for a true and complete statement of their content and effect.

19.     Deny so much of the allegations set forth in paragraph "19" of the complaint as is inconsistent with Title 38 Rules of the City of New York ("RCNY") § 11-01 and refer the Court to the rule for a true and complete statement of its content and effect.

20.     Admit the allegations set forth in paragraph "20" of the complaint.

21.     Deny so much of the allegations set forth in paragraph "21" of the complaint as is inconsistent with Title 38 RCNY§ 11-04 and refer the Court to the rule for a true and complete statement of its content and effect.

22.     Deny so much of the allegations set forth in paragraph "22" of the complaint as is inconsistent with Title 38 RCNY§ 11-11 and refer the Court to the rule for a true and complete statement of its content and effect.

23.     Deny so much of the allegations set forth in paragraph "23" of the complaint as is inconsistent with Title 38 RCNY§ 11-12 and refer the Court to the rule for a true and complete statement of its content and effect.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "24" of the complaint, except admit that in the past the NYPD issued press credentials to the plaintiffs, deny the allegations set forth in the second sentence of said paragraph, except admit that in 2007 the applications of plaintiffs Martinez-Alequin and Wallis for press credentials were denied, that an appeal hearing was held for plaintiff Martinez-Alequin and that no decision was rendered on the date of the complaint in this action and deny knowledge or information sufficient to form a belief as to the truth of said allegations regarding an application of plaintiff Smith and affirmatively state that the NYPD issued a press identification card to each plaintiff on January 9, 2009, and deny the allegations set forth in the third, fourth, fifth and sixth sentences of said paragraph.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "28" of the complaint, except admit that plaintiff Wallis has had press identification cards in the past, deny the allegations set forth in the second sentence of said paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third sentence of said paragraph, except admit that plaintiff Wallis has submitted applications for a press identification card in the past to the Office of the Deputy Commissioner of Public Information ("DCPI"), deny the allegations set forth in the fourth sentence of said paragraph, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence of said paragraph, except admit that plaintiff Wallis has had press identification cards in the past.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "33" of the complaint, except admit that plaintiff Wallis submitted an application to renew a press identification card, deny the

allegations set forth in the second and third sentences of said paragraph, deny the allegations set forth in the fourth sentence of said paragraph, except admit that the application of plaintiff Wallis was denied by letter dated August 6, 2007, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence of said paragraph, and deny the allegations set forth in the sixth sentence of said paragraph and affirmatively state that the NYPD issued a press identification card to plaintiff Wallis on January 9, 2009.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "35" of the complaint and deny the allegations set forth in the second sentence of said paragraph.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph "38" of the complaint, except admit that the NYPD issued press credentials to plaintiff Smith in the past.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint and affirmatively state that the NYPD issued a press identification card to plaintiff Smith on January 9, 2009.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint and affirmatively state that the NYPD issued a press identification card to plaintiff Smith on January 9, 2009.

41.     Deny so much of the allegations set forth in paragraph "41" of the complaint as is inconsistent with the referenced letter, except admit that plaintiff Smith wrote a letter to Paul Browne of the NYPD, dated October 3, 2007.

42.     Deny the allegations set forth in the first sentence of paragraph "42" of the complaint, except admit that no response was sent to the letter of plaintiff Smith dated October 3, 2007 and affirmatively state that the NYPD issued a press identification card to plaintiff Smith on January 9, 2009, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of said paragraph.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth paragraph "52" of the complaint, except admit that the NYPD has issued press credentials to plaintiff Martinez-Alequin in the past.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph "53" of the complaint and affirmatively state that the NYPD issued a press identification card to plaintiff Martinez-Alequin on January 9, 2009.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint, except admit that on certain occasions plaintiff Martinez-Alequin attempted to enter the Mayor's press conferences in the Blue Room at City Hall and that on certain occasions plaintiff was denied access because he did not have press credentials.

55.    Deny the allegations set forth in paragraph "55" of the complaint, except admit that by letter to plaintiff from Lieutenant Eugene J. White, dated May 22, 2007, the application of plaintiff Martinez-Alequin was denied and affirmatively state that the NYPD issued a press identification card to plaintiff Martinez-Alequin on January 9, 2009.

56.    Admit the allegations set forth in paragraph "56" of the complaint.

57.    Deny so much of the allegations set forth in the first and second sentences of paragraph "57" of the complaint as alleges or purports to allege that this is a complete and accurate description of what was said in a conversation, except admit that a conversation took place and deny knowledge or information sufficient to form a belief as to when this conversation took place, and deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the third sentence of said paragraph, except admit that plaintiff has attended the Mayor's press conferences in the Blue Room at City Hall and that he has not been called upon to ask questions.

58.     Deny the allegations set forth in the first sentence of paragraph "58" of the complaint, except admit that a hearing was held on November 1, 2007 before Assistant Chief Michael Collins to appeal the denial of plaintiff's application, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of said paragraph, and deny the allegations set forth in the third sentence of said paragraph and affirmatively state that the NYPD issued a press identification card to plaintiff Martinez-Alequin on January 9, 2009.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in the first sentence of paragraph "60" of the complaint, except admit that the Mayor's Press Office issued a press releases on February 4, 2008 and aver that this press releases was entitled "Mayor Bloomberg Announces City's First-Ever 311 Lottery for Tickets to Tomorrow's City Hall Giants Ceremony", deny the allegations set forth in the second sentence of said paragraph, and aver that to the extent that a person sought to be admitted to City Hall Plaza on February 5, 2008 to cover the Super Bowl Ceremony held there, he or she would have to present a Working Press Card and a parade press credential issued by the Mayor's Press Office, and deny the allegations set forth in the third and fourth sentences of said paragraph.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph "62" of the complaint.

63.     Admit the allegations set forth in the first sentence of paragraph "63" of the complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second, third and fourth sentences of said paragraph.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "64" of the complaint, deny the allegations set forth in the second sentence of said paragraph, deny that the allegations set forth in the third sentence of said paragraph are an accurate description of the New York City parking regulations, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of said paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fifth sentence of said paragraph, except admit that as stated on the website of the New York State Department of Motor Vehicles ("NYS DMV") in order to obtain a "NYP" press plate from the NYS DMV, among other things, an "applicant who works in **New York City** must provide a copy of their NYC Police Department **working press identification card**" (emphasis in original), and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the sixth and seventh sentences of said paragraph.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "65" of the complaint, except admit that the Mayor's Press Office does send to some members of the press via email a memorandum of the Mayor's schedule which includes information about a mayoral press conference if one is scheduled and that in the past plaintiff Martinez-Alequin has been sent this notification via email and aver that this memorandum is also available in "hard copy" at the police desk in the lobby of City Hall and is available to anyone, deny knowledge or information sufficient to form a belief

as to the truth of the allegations set forth in the second and third sentences of said paragraph, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the fourth sentence of said paragraph, except admit that plaintiff Martinez-Alequin is not presently on this email list, and deny the allegations set forth in the fifth sentence of said paragraph.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint, except admit that a copy of an article is attached as Exhibit B to the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65", inclusive, of this answer, as if fully set forth herein.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint and affirmatively state that the NYPD issued a press identification card to each plaintiff on January 9, 2009.

71.     Neither admit nor deny the allegations set forth in the first sentence of paragraph "71" of the complaint, and deny the allegations set forth in the second and third sentences of said paragraph.

72.     Deny the allegations set forth in paragraph "72" of the complaint.

73.     In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65" and paragraphs "66" through "70", inclusive, of this answer, as if fully set forth herein.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint regarding plaintiffs status as journalists, except admit so much of said allegations as alleges or purports to allege that the First Amendment guarantees the right to freedom of the press and of speech.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint, except admit that in the past the NYPD issued certain press credentials to plaintiffs.

76. Deny so much of the allegations set forth in paragraph "76" of the complaint as alleges or purports to allege that plaintiffs are entitled to any press credential other than a press identification card.

77. Deny the allegations set forth in paragraph "77" of the complaint and affirmatively state that the NYPD issued a press identification card to each plaintiff on January 9, 2009.

78. Deny the allegations set forth in paragraph "78" of the complaint and affirmatively state that the NYPD issued a press identification card to each plaintiff on January 9, 2009.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65", paragraphs

"66" through "70" and paragraphs "71" through "80", inclusive, of this answer, as if fully set forth herein.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

85.    Deny the allegations set forth in paragraph "85" of the complaint.

86.    Deny the allegations set forth in paragraph "86" of the complaint.

87.    In response to the allegations set forth in paragraph "87" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65", paragraphs "66" through "70", paragraphs "71" through "80" and paragraphs "81" through "84", inclusive, of this answer, as if fully set forth herein.

88.    Deny the allegations set forth in paragraph "88" of the complaint.

89.    Deny the allegations set forth in paragraph "89" of the complaint.

90.    Deny the allegations set forth in paragraph "90" of the complaint.

91.    Neither admit not deny the allegations set forth in paragraph "91" of the complaint.

92.    Deny that plaintiffs are entitled to any of the relief set forth in the "Wherefore" clause of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93.    Defendants have not violated any rights, privileges or immunities secured to the plaintiffs by the constitution or laws of the United States or of the State of New York, nor have defendants violated any act of Congress providing for the protection of civil rights.

94.    Any actions of defendants complained of herein were in all respects legal, proper and constitutional.

**WHEREFORE,** defendants the City of New York, Michael R. Bloomberg, Raymond Kelly and Michael Collins, request judgment dismissing the complaint and denying all relief requested therein, together with the costs of the action including reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              January 16 , 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for the Defendants
                                        100 Church Street, Room 5-162
                                        New York, New York 10007
                                        (212) 788-0782
                                        abrennan@law.nyc.gov

                                        By: _Ave Maria Brennan_____
                                            AVE MARIA BRENNAN
                                            Assistant Corporation Counsel